**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FERNANDO GAUD and DARREN
DIONE AQUINO, Disabled
Veteran, U.S. Army

      Plaintiffs,

v.                                                                      Case No: 2:21-cv-21-FtM-38MRM

THE FEDERAL ELECTION
COMMISSON (FEC), CHERYL
L. JOHNSON, WILLIAIM
BARR, RON DESANTIS,
LAUREL M. LEE, JENNIFER
L. EDWARDS, MARIO DIAZ-
BALART, SCOTT S. HARRIS,
THE RIVERDALE NURSING
HOME, ERIC COHEN, FNU
SARAI, FNU RUBEN,
ANDREW CUOMO and
ANDREW
SAUL,COMMISSIONER OF
SOCIAL SECURITY,

      Defendants.

_____/

**<u>ORDER</u>**[1]

Before the Court is pro se Plaintiffs' Emergency Complaint for Injunctive

and Declaratory Relief (Doc. 1).  On January 6, the Plaintiffs dropped off the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Complaint at the Clerk's Office in Fort Myers. Plaintiffs explained they wanted to file this Complaint in the Northern District of Florida. And Plaintiffs captioned the Complaint as filed there. After a bit of back and forth on whether the Clerk's Office should accept the Complaint, it eventually did. From the Court's understanding of this situation, it liberally construes Plaintiffs' attempts as seeking to file the case here and transfer to the Northern District.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion" to order the transfer to a more convenient forum. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). The Eleventh Circuit set out several factors for courts to consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Kelling v. Hartford Life & Accident Ins.*, 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir.

2005)).  The point of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (cleaned up).

After considering the above factors and the unique facts of how the case started, the Court grants Plaintiffs' request to transfer.  It would add unnecessary time, energy, expense, and inefficiency to this suit by allowing it to begin in the District where Plaintiffs did not intend to file the case.  So the Court transfers this case to the Northern District.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' request to transfer is **GRANTED**.

2. The Clerk is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Northern District of Florida and **CLOSE** the Fort Myers file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3